## DAVIS v. RUGGLES.

1. NEW TRIAL—SURPRISE.—Surprise, such as arises from a want of preparation of evidence properly held essential to establish the execution of a deed, is not a sufficient ground for a new trial.
2. SAME.—A party is bound to know what evidence is necessary to be produced to prove the execution of a deed or other instrument material to his action or defense, and ignorance that such proof is requisite, or negligence in procuring it to be introduced, are not grounds for a new trial.
3. DEED—ACKNOWLEDGEMENT.—The act of March 11, 1848, which provides that deeds which had been executed without the territory, of land lying in it, and had been acknowledged and recorded, should be taken to be executed and acknowledged according to the laws of t'.e territory or state where the acknowledgment was taken, and making the acknowledgment *prima facie* evidence that the person before whom it was taken was authorized to take it, is applicable *only* to those deeds, etc., which had been theretofore acknowledged and recorded.

(2 *Chand.* 152.)

ERROR to the Circuit Court for *Fond du Lac* County.

The case is stated in the opinion of the court.

The jury found for the plaintiff damages to the amount of $816.

The plaintiff made a motion for a new trial upon an affidavit, set out in the opinion of the court.

*Graham & Davis*, for plaintiff in error.

1. The court erred in rejecting the deed from Joseph Gage

to Stephen Gage, dated 13th of November, 1848, when offered in evidence by the defendant in mitigation of damages.

2. The court erred in refusing to set aside the verdict of the jury and to grant a new trial, on the motion of the defendant, upon the ground of surprise.

*M. C. Eaton*, for defendant in error.

1. The deed from Joseph Gage to Stephen Gage, as well as the record thereof, was properly rejected when offered in evidence, as there was no proof that it had been executed and acknowledged according to the laws of the state of Ohio. Rev. Stat. 1839, 179, 180.

2. Surprise in matters of law is not ground for granting a new trial.    4 Wend. 277.

3. The court will not relieve a party from the consequences of mere ignorance, inadvertence or neglect, by granting a new trial.    Graham on New Trials, 187, *et seq.*; id. 196, *et seq.*, and cases cited.    And if the application for a new trial be on the ground of surprise, the surprise must be such that care and prudence could not provide against it.    Gra. on New Trials, 174, *et seq.*, and cases cited.

4. The affidavit for a new trial is clearly insufficient, in that it does not show how the deed from Joseph Gage to Stephen Gage perfects the title to the land in controversy in the defendant, and does not show that, upon a new trial, the defendant could make out a defense to the action.

WHITON, J.  This was an action of covenant, and the breach assigned in the plaintiff's declaration was on the covenant of seizin contained in a deed, purporting to convey to the defendant in error, the plaintiff below, a quantity of land.  The plea was *non est factum*, accompanied with a notice that the defendant would prove on the trial that, subsequent to the making and delivery of the deed containing the covenant alleged to have been broken, one Joseph Gage made, executed and delivered to the defendant a certain deed, conveying to the defend-

ant the fee simple to the premises whereof the plaintiff alleges the defendant was not lawfully seized, at the time of making the covenant in his declaration set forth, etc.

Upon these pleadings the parties went to trial, and after the plaintiff had made out his case, the defendant offered in evidence, in mitigation of damages, a deed from Joseph Gage to Stephen Gage, dated the 13th day of November, 1848, of eighty acres of land, and proposed to introduce, in connection therewith, a deed from the said Stephen Gage to himself, executed before the deed to the plaintiff. The deed from Joseph Gage to Stephen Gage purported to have been executed in the state of Ohio, and acknowledged before a justice of the peace of that state. To the admission of this deed in evidence the plaintiff objected, on the ground that it did not appear to have been acknowledged before a competent officer. There being no proof before the court that justices of the peace in Ohio had authority to take the acknowledgment of deeds, the court sustained the objection and rejected the evidence. The defendant then offered the record of the deed in evidence, which was also rejected by the court. After the introduction of evidence on the part of the defendant, the cause was submitted to the jury, who found a verdict for the plaintiff, and assessed his damages at the sum of $816. After the verdict was rendered, the defendant moved for a new trial, and, in support of the motion, submitted the following affidavit:

"Personally came *Frederick F. Davis*, the above named defendant, who, after being sworn, doth depose and say, that he verily believes that he has a just and legal defense to the plaintiff's action in this case, and that, by the verdict of the jury, great injustice has been done to him; that he intended and expected to give in evidence a certain deed from Joseph Gage to Stephen Gage, bearing date the 13th day of November, 1848, and recorded in the register's office in and for said county of Fond du Lac, the 28th day of November, 1848, vol. G, p. 473, for the west half of the southeast quarter of

section thirty-five, containing eighty acres of land, and being the same for which recovery is sought in damages in this suit, in mitigation of damages; which deed perfected the title to said eighty acres of land in deponent, and is the same offered in evidence in the trial of the case, and which, if given in evidence, would, in the opinion and belief of the deponent, have limited the verdict of the jury to nominal damages only; that the rejection of said deed by the court, when offered in evidence, took the deponent by surprise, and he was surprised, as, up till that moment, he confidently believed that said deed was, of itself, competent testimony, and he had no intimation, up till that time, from any source, but that said deed would be competent testimony for the purpose aforesaid; deponent further saith, that he was necessarily and unexpectedly absent and out of the state, previous to the sitting of this court, three weeks or thereabouts, and only returned on the Monday morning on which this court commenced its sitting; from that time, up till the case was called on for trial, owing to his official duties, he had neither time to prepare his case or to consult with his counsel." The court overruled the motion, and rendered judgment upon the verdict. To reverse this judgment, this writ of error was sued out.

There can be no doubt that the ruling of the court in rejecting the deed offered in evidence, was correct. The statute in force at the time when the case was tried is conclusive. Stat. Wis. Ter. 179, 180. The defendant should have been prepared to prove that the deed he offered in evidence had been acknowledged or proved, as the statute above referred to prescribes; and in order to do this, he should have shown that, by the law of Ohio, the officer before whom the deed purported to be acknowledged was authorized to take the acknowledgment. The second section of an act of the legislature of the late territory of Wisconsin, passed March 11, 1848, and cited in the argument for the plaintiff in error, which provides that deeds which had been executed without

the territory, of land lying within it, and had been acknowledged and recorded, should be taken to be executed and acknowledged according to the laws of the territory or state where the acknowledgment was taken, and making the acknowledgment *prima facie* evidence that the person before whom it was taken was duly authorized to take the acknowledgment, does not apply to this case, as it relates only to those instruments which had been previously acknowledged and recorded.

The next question, and the principal one in the case, is, whether the court erred in not granting a new trial.  Where no error has been committed in the trial, this question depends in some degree upon the discretion of the court before whom the motion is made ; but the court may so err in the exercise of its discretion as to make a reversal of the judgment proper. Is this such a case ?  The affidavit of the plaintiff in error alleges surprise as the principal ground upon which he bases his application, and the surprise consists in the ruling of the court rejecting the deed which he offered in evidence.  This is not surprise.  The plaintiff in error went to trial without being prepared to show what the statute required him to prove in order to make the deed which he offered in evidence proper testimony to go to the jury.  This is no cause for granting a new trial. *Jackson ex dem. Horton v. Roe*, 9 Johns. 77.  The other matters stated in the affidavit as reasons for granting a new trial are clearly insufficient.  The plaintiff in error does not appear to have made any effort to obtain the testimony necessary to make the deed evidence, nor does it appear but that, with reasonable diligence, it might have been procured.

Judgment affirmed.